# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUE HEALTH CHIROPRACTIC, INC.,
*Plaintiff/Appellee*
MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC.,
individually and as representative of a class of similarly situated persons,
*Plaintiff/Appellee/Cross-Appellant,*

v.

MCKESSON, MCKESSON TECHNOLOGIES, INC.,
*Defendants-Appellants/Cross-Appellees.*

*On Appeal from the United States District Court for the*
*Northern District of California (Oakland) No. 4:13-cv-02219-HSG*
*(Hon. Haywood S. Gilliam, Jr.)*

## REPLY BRIEF ON CROSS-APPEAL FOR
## PLAINTIFFS/APPELLEES/CROSS-APPELLANT

Glenn L. Hara
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile:  (847) 368-1501
ghara@andersonwanca.com

Robert C. Schubert, Willem F. Jonckheer
Schubert Jonckheer & Kolbe LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA  94111
Telephone:  (415) 788-4220
Facsimile:  (415) 788-0161
rschubert@smk.law; wjonckheer@sjk.law

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS.....................................................................................i

TABLE OF AUTHORITIES ..........................................................................ii

Introduction .................................................................................................1

Argument.....................................................................................................2

I.     The district court abused its discretion in creating an artificial distinction between online fax services and stand-alone fax machines based on the Amerifactors Bureau Ruling ..............................................................2

     A.     McKesson concedes that the Amerifactors Bureau Ruling is not covered by the Hobbs Act, so it cannot be "binding" under this Court's precedents .........................................................................2

     B.     The Court should hold that the TCPA covers users of online fax services under the binding 2003 Commission Order and the unambiguous statutory text ..........................................................6

II.     The district court's entry of summary judgment against the Online Fax Services Class was erroneous ...........................................................14

III.     The district court abused its discretion in failing to find McKesson's violations were "willful or knowing" and impose treble damages ....................................................................................................15

Conclusion .................................................................................................16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Cases**                                                                  **Pages**

*Ambassador Animal Hosp., Ltd. v. Hill's Pet Nutrition, Inc.*,
2021 WL 3043422 (N.D. Ill. Feb. 17, 2021)....................................8, 11

*Am. Copper & Brass, Inc. v. Lake City Indus. Prods, Inc.*,
2013 WL 3654550 (W.D. Mich. July 12, 2013) ...................................7

*Carlton & Harris, Inc. v. PDR Network, LLC*,
982 F.3d 258 (4th Cir. 2020) ...............................................14

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*,
467 U.S. 837 (1984).........................................................13

*Craftwood II, Inc. v. Generac Power Sys., Inc.*,
63 F.4th 1121, 1123 (7th Cir. 2023)....................................10

*Douglas Phillip Brust, D.C., P.C. v. Opensided MRI of St. Louis LLC*,
2023 WL 2769912 (E.D. Mo. Mar. 31, 2023).........................4, 10–11

*Eminence Invs., L.L.L.P. v. Bank of New York Mellon*,
782 F.3d 504 (9th Cir. 2015) ...............................................4

*Georgia Power Co. v. Telport Comm'n Atlanta*,
346 F.3d 1047 (11th Cir. 2003) ............................................9

*Gonzales v. Oregon*,
546 U.S. 243 (2006).....................................................13, 14

*Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*,
2017 WL 5079181 (W.D. La. Nov. 1, 2017) ......................................11

*Levine Hat Co. v. Innate Intelligence, LLC*,
No. 4:16-cv-01132 (E.D. Mo. Apr. 7, 2022)....................................4, 11

*Lyngaas v. Curaden AG*,
992 F.3d 412 (6th Cir. 2021) ................................... 1, 3–4, 6, 10–12, 14

*Marx v. General Revenue Corp.*,
568 U.S. 371 (2013).........................................................12

**Cases**                                                                    **Pages**

*Mussat v. IQVIA Inc.*,
    2020 WL 5994468 (N.D. Ill. Oct. 9, 2020) ......................................4, 11

*N.L.R.B. v. SW General, Inc.*,
    137 S. Ct. 929 (2017)............................................................................12

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007)...............................................................................15

*Skidmore v. Swift Co.*,
    323 U.S. 134 (1944).......................................................................13–14

*U.S. West Commc'ns, Inc. v. Hamilton*,
    224 F.3d 1049 (9th Cir. 2000) ...........................................................4–6

*United States v. Mead Corp.*,
    533 U.S. 218 (2001).............................................................................13

*Urgent One Med. Care, P.C. v. Co-Options, Inc.*,
    2022 WL 16755154 (E.D.N.Y. June 1, 2022)......................................11

*Wilson v. A.H. Belo Corp.*,
    87 F.3d 393 (9th Cir. 1996) ..........................................................4–6, 13

**Statutes**

28 U.S.C. § 2342(1) ...................................................................1, 3–5
47 U.S.C. § 227(a)(3)...........................................................1, 6, 11–12
47 U.S.C. § 227(b)(1)(C) ...............................................................7
47 U.S.C. § 227(b)(3)......................................................................15

**Rules & Regulations**

*In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*,
    18 FCC Rcd. (rel. July 3, 2003)...................................... 2, 6–14

*In re WestFax, Inc. Petition for Consideration & Clarification*,
    30 FCC Rcd. 8620 (rel. Aug. 28, 2015) ..............................9–10

*In re Amerifactors Fin. Group, LLC Pet. for Expedited Declaratory Ruling*,
    CG Docket Nos. 02-278 (filed Jan. 8, 2020).........................*passim*

# **Introduction**

McLaughlin Chiropractic Associates, Inc. ("McLaughlin") and True Health Chiropractic, Inc. ("True Health") (collectively, "Plaintiffs"), respectfully state as follows for their Fourth Brief on Cross-Appea l. As argued below, Defendants, McKesson Corporation ("McKesson Corp.") and McKesson Technologies, Inc. ("MTI") (collectively, "McKesson" or "Defendants"), concede that the ruling of the FCC's Consumer & Governmental Affairs Bureau in *In re Amerifactors Fin. Group, LLC Pet.*, 2019 WL 6712128 (CGAB Dec. 9, 2019) ("Amerifactors Bureau Ruling"), is neither "final" nor "made appealable by section 402(a)" of the Communications Act of 1934. (Third Br. at 10–11). That means it is not covered by the Hobbs Act, 28 U.S.C. § 2342(1), and cannot be "binding" on federal courts. This Court need go no further to reverse the district court's adverse class-certification rulings and entry of summary judgment against the "Online Fax Services Class," which were based entirely on the erroneous conclusion that the Amerifactors Bureau Ruling is "binding" under the Hobbs Act.

The Court should go further, however, and rule that there is no distinction between users of "online fax services" and users of traditional "stand-alone" fax machines in the TCPA, 47 U.S.C. § 227(a)(3), as the Sixth Circuit held in *Lyngaas v. Curaden AG*, 992 F.3d 412, 425–27 (6th Cir. 2021), and as required by the binding "final order" of the FCC interpreting the statutory term "telephone

facsimile machine" in *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14133 ¶¶ 199–201 (rel. July 3, 2003) ("2003 Commission Order"). In any event, the Court should reverse the district court's class-certification-related orders applying the Amerifactors Bureau Ruling and its entry of summary judgment against the Online Fax Services Class.

With respect to whether McKesson "willfully or knowingly" violated the TCPA, McKesson's argument that its conduct could not have been "reckless" because none of the particular employees involved in the faxing at issue were aware of the 2008 FCC Citation or even knew there were any laws regulating fax advertising fails. That is precisely why the corporate Defendants in this case were reckless: they received a written warning against future unsolicited fax advertising from the FCC, and yet they appear to have taken no action whatsoever to educate their marketing personnel.

## Argument

I. **The district court abused its discretion in creating an artificial distinction between online fax services and stand-alone fax machines based on the Amerifactors Bureau Ruling.**

A. **McKesson concedes that the Amerifactors Bureau Ruling is not covered by the Hobbs Act, so it cannot be "binding" under this Court's precedents.**

McKesson concedes that the Amerifactors Bureau Ruling is not "final." (Third Br. at 10 (stating "Bureau-level orders are not themselves final FCC orders")). McKesson concedes that the Amerifactors Bureau Ruling is not "made

reviewable by Section 402(a)" of the Communications Act (and is in fact not "reviewable by" any court). (*Id.* at 11). Therefore, the Amerifactors Bureau Ruling is not covered by the plain language of the Hobbs Act, which vests exclusive jurisdiction in the court of appeals to determine the validity of "all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342(1). The statute plainly does not apply to the Amerifactors Bureau Ruling, which everyone agrees is neither "final" nor "made reviewable by" section 402(a).[1] Thus, the central premise underlying the district court's class-certification rulings and entry of summary judgment against the Online Fax Services Class—that the Amerifactors Bureau Order is "a final, binding order for purposes of the Hobbs Act" (1-ER-39)—is erroneous.

The only circuit court of appeals to address this question concluded the Amerifactors Bureau Ruling is not a Hobbs Act "final order." *Lyngaas v. Curaden AG*, 992 F.3d 412, 427 (6th Cir. 2021) (declining to require exclusion of users of "online fax services" from certified class based on Amerifactors Bureau Ruling, in part, because "an application for review of the Bureau's ruling is currently pending before the FCC"). Plaintiffs discussed *Lyngaas* in detail and cited authority stating that this Court will avoid creating "intercircuit conflicts unless we conclude it is

---

[1] As argued in Section I.B, the Hobbs Act does, however, cover the 2003 Commission Order, which is a "final order" of the full Commission.

absolutely necessary." (Second Br. at 36–37 (quoting *Eminence Invs., L.L.L.P. v. Bank of New York Mellon*, 782 F.3d 504, 508 (9th Cir. 2015)). McKesson does not dispute this general rule or argue that it is "absolutely necessary" that this Court split with *Lyngaas*.

Moreover, the most recent district court to consider this question at the class-certification stage certified an all-fax-recipients class and rejected the Amerifactors Bureau Order as non-final, following *Lyngaas*. *See Douglas Phillip Brust, D.C., P.C. v. Opensided MRI of St. Louis LLC*, --- F.R.D. ---, No. 4:21-CV-00089-SEP, 2023 WL 2769912, at **5–9 (E.D. Mo. Mar. 31, 2023). The *Brust* court recognized that the Amerifactors Bureau Ruling cannot be final under the Hobbs Act "because an application for review with the FCC is pending." *Id.* at *5 (citing *Levine Hat Co. v. Innate Intelligence, LLC*, 538 F. Supp. 3d 915, 926 (E.D. Mo. 2021); *Mussat v. IQVIA Inc.*, 2020 WL 5994468, at *3 (N.D. Ill. Oct. 9, 2020)).[2]

Because the Amerifactors Bureau Ruling is not covered by the Hobbs Act, 28 U.S.C. § 2342(1), it is not "binding" on district courts under this Court's precedents such as *U.S. West Commc'ns, Inc. v. Hamilton*, 224 F.3d 1049, 1054 (9th Cir. 2000), *as amended on reh'g* (Sept. 13, 2000), and *Wilson v. A.H. Belo*

---

[2] The Application for Review of the Amerifactors Bureau Ruling is in the record in this appeal at 1-SER-121. *In re Amerifactors Fin. Group, LLC Pet. for Expedited Declaratory Ruling*, CG Docket Nos. 02-278, 05-338, Application for Review (filed Jan. 8, 2020)).

*Corp.*, 87 F.3d 393, 400 (9th Cir. 1996). The rationale of those cases is that a district court is jurisdictionally bound to follow the FCC's interpretation of a statute contained in a "final order" because if the court interprets the statute differently than the FCC, then it has in effect "determine[d] the validity" of the FCC's interpretation, contrary to the grant of "exclusive jurisdiction" to make that determination to the court of appeals in § 2342(1). *Hamilton*, 224 F.3d at 1055 (holding court lacks jurisdiction to decline to apply FCC's interpretation in a "final order," even if the court "doubt[s] the soundness of the FCC's interpretation"); *Wilson*, 87 F.3d at 400 ("Even if the district court agreed with the [FCC's] *Declaratory Ruling*, that result would have required a determination of the validity of the *Declaratory Ruling*, which also would violate § 2342."). If the "exclusive jurisdiction" element is missing, as it is here, then this rationale falls apart.

In sum, the Amerifactors Bureau Order is not "final" and is not "made reviewable by section 402(a)," and so it is not covered by the Hobbs Act and is not "binding," as the district court erroneously held. (1-ER-39). The Court need go no further to reverse the district court's orders (1) creating a separate Stand-Alone Fax Machine Class and Online Fax Services Class; (2) entering summary judgment against the Online Fax Services Class; and (3) decertifying the Stand-Alone Fax Machine Class.

**B.    The Court should hold that the TCPA covers users of online fax services under the binding 2003 Commission Order and the unambiguous statutory text.**

Plaintiffs argued in the district court (1-SER-106) and in their Second Brief on Cross-Appeal that the binding "final order" of the FCC on the online-fax-services issue, the 2003 Commission Order, 18 FCC Rcd. at 14133 ¶¶ 199–202, interprets the term "telephone facsimile machine" in the TCPA, 47 U.S.C. § 227(a)(3), to include "computerized fax servers" that receive faxes and then forward them to the end-user's email "inbox." (Pls.' Second Br. at 9–10, 24, 37–40). McKesson does not dispute that the 2003 Commission Order is a "final order" of the FCC covered by the Hobbs Act. (Third Br. at 25). McKesson thus concedes that under this Court's current precedent, the 2003 Commission Order's interpretation is binding on the district court and on this Court. *See Hamilton*, 224 F.3d at 1054; *Wilson*, 87 F.3d at 400.

But McKesson's brief barely mentions the 2003 Commission Order, asserting only that Plaintiffs and the Sixth Circuit in *Lyngaas* have "misread" that order. (Third Br. at 25). In McKesson's view, the 2003 Commission Order "is consistent" with the Amerifactors Bureau Ruling in excluding faxes received using online fax services from coverage under the TCPA because it contains one sentence stating that the TCPA does not apply "to facsimile messages sent as email over the Internet." (*Id.* at 26 (quoting 2003 Commission Order ¶ 200)).

It is McKesson that misreads the 2003 Commission Order. The lone sentence upon which McKesson relies merely makes clear that the 2003 Commission Order "exempted from the TCPA the act of forwarding a fax by email," while maintaining that "the first step—the transmission of the original fax—still falls within the confines of the TCPA." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods, Inc.*, No. 09-CV-1162, 2013 WL 3654550, at *5 (W.D. Mich. July 12, 2013). The Commission applied this distinction in the 2003 Commission Order itself when it ruled that "commercial facsimile services" that "transmit faxes to the recipients as email attachments" (*i.e.*, "online fax services" in the parlance of the Amerifactors Bureau Ruling) do not violate the TCPA by forwarding faxes to their customers by email. (2003 Commission Order ¶ 199, n.736). That an online fax service provider is not liable under the statute for sending emails to its paying clients in no way translates into a rule that the fax advertiser is off the hook for sending unsolicited advertisements to a telephone facsimile machine in violation of 47 U.S.C. § 227(b)(1)(C).

Like the Amerifactors Bureau Ruling, McKesson assumes that the only harms the TCPA sought to remedy are wasted "paper and ink" from a stand-alone fax machine. (Third Br. at 22). That is incorrect. The 2003 Commission Order states that the TCPA is not solely concerned with lost paper and ink, but also is concerned with the "interference, interruptions, and expense" to businesses and

interstate commerce caused by faxes sent to fax servers and forwarded to the user's email "inbox." (2003 Commission Order ¶¶ 199–202). The FCC specifically ruled in paragraph 202 that faxes sent to a fax server and received by the end-user via email are covered by the statute because they "increase labor costs for businesses, whose employees must monitor faxes to determine which ones are junk faxes and which are related to their company's business." (*Id.* ¶ 202).

This is why the Amerifactors Bureau Ruling so flagrantly "flies in the face" of the 2003 Commission Order. *Ambassador Animal Hosp., Ltd. v. Hill's Pet Nutrition, Inc.*, No. 20 C 3326, 2021 WL 3043422, at *1 (N.D. Ill. Feb. 17, 2021). When the Amerifactors Bureau Ruling states that Congress was *not* concerned with "more generalized harms," such as "time spent monitoring unwanted faxes stored by online fax services," it cites *paragraph 202 of the 2003 Commission Order* (Amerifactors Bureau Ruling ¶ 14), the very passage where the full FCC rejected that argument and ruled that the statute is also aimed at preventing wasted employee time monitoring faxes received by email "to determine which ones are junk faxes and which are related to their company's business." In other words, the Amerifactors Bureau Ruling cites the section of the 2003 Commission Order stating that these "more generalized harms" *are* covered by the statute to support its assertion that such harms are *not* covered.

If there was any doubt about this issue, in 2015 the Westfax Bureau Ruling rejected a petition by an online-fax service provider asking it to rule that faxes sent to its customers were not covered by the TCPA. *See In re WestFax, Inc. Petition for Consideration & Clarification*, 30 FCC Rcd. 8620, 2015 WL 5120880 (CGAB Aug. 28, 2015); *see also Georgia Power Co. v. Telport Comm'n Atlanta*, 346 F.3d 1047, 1050 (11th Cir. 2003) (an order from a subordinate bureau of the FCC becomes a "final order" if no application for review before the full Commission is filed). McKesson's only response to the Westfax Bureau Ruling is to argue that it assumed "the 'efax' in question was sent to a computer with an attached fax modem that had the capacity to print the fax." (Third Br. at 26). That is incorrect.

The Westfax Petition asked the FCC to rule that an "efax"—in which "[a] facsimile transmission is received on a fax server," and then "the fax server converts the message into a digital image file that is then sent as an email attachment via the Internet to the recipient"—is not sent to a "telephone facsimile machine." (1-SER-115, *WestFax, Inc. Petition for Consideration & Clarification*, CG Docket Nos. 02-278, 05-338 (Sept. 25, 2009) at 2)). The Bureau rejected that argument, holding that faxes received via Westfax's "FaxForward" service—which uses a "fax server" to receive faxes and then "'automatically converts received faxes into electronic images that are delivered directly to your email inbox'"—

were "sent to" a "telephone facsimile machine" under the 2003 Commission Order. (Westfax Bureau Ruling ¶ 4).

This is why the Sixth Circuit in *Lyngaas* held that its interpretation of the statute was "reinforced" by the 2003 Commission Order and the Westfax Bureau Ruling. *Lyngaas*, 992 F.3d at 426–27 (citing 2003 Commission Order ¶¶ 200–01; WestFax Bureau Ruling ¶ 9). McKesson argues that "[t]he Sixth Circuit in *Lyngaas* did not engage with the [Bureau's] reasoning" in the Amerifactors Bureau Ruling (Third Br. at 25, n.4), but that is plainly incorrect. By the time it addressed the Amerifactors Bureau Ruling, the Sixth Circuit had spent considerable effort explaining why users of "online fax services" should not be excluded from the certified class under the plain language of the statute. *Lyngaas*, 992 F.3d at 425–26; *see also Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1123 (7th Cir. 2023) (holding that today "many (or perhaps most) faxes go directly to an email address like other unwanted junk emails," but the TCPA "still protects unwilling recipients from unsolicited faxes in the same way it always has, by granting statutory damages of $500 for each violation of the Act (and three times that for willful and knowing violations").

Moreover, the Court should consider as additional persuasive authority the most recent decision on this issue in *Brust*, where the district court squarely rejected the reasoning of the Amerifactors Bureau Ruling in certifying a class of all fax

recipients. *Brust*, 2023 WL 2769912, at \*\*4–5. The court held, contrary to the Amerifactors Bureau Ruling, that the plain language of 47 U.S.C. § 227(a)(3) covers users of "online fax services," adopting the decision "on this precise issue" in *Lyngaas*, 992 F.3d at 425–27. *Id.* The *Brust* court noted that the "online fax services" question has "divided federal district courts," but it sided with the district courts that have found that a fax is "sent to" a telephone facsimile machine, even if the end-user ultimately views the fax using an online fax service, including *Urgent One Med. Care, P.C. v. Co-Options, Inc.*, 2022 WL 16755154 (E.D.N.Y. June 1, 2022), *adopted by* 2022 WL 4596754, at \*7 (E.D.N.Y. Sept. 30, 2022); and *Ambassador Animal Hosp., Ltd. v. Hill's Pet Nutrition, Inc*., 2021 WL 3043422 (N.D. Ill. Feb. 17, 2021). *Id.*; *see also Levine Hat Co. v. Innate Intelligence, LLC*, No. 4:16-cv-01132, 2022 WL 1044880, at \*2 (E.D. Mo. Apr. 7, 2022); *Mussat v. IQVIA Inc.*, 2020 WL 5994468, at \*3 (N.D. Ill. Oct. 9, 2020).

The *Brust* court recognized that 2003 Commission Order is the only "final" order on the online-fax-services issue and that it clearly "determined that online fax services were covered by the TCPA." *Brust*, 2023 WL 2769912, at \*5 (citing 2003 Commission Order ¶ 200); *see also Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, No. CV 2:16-1012, 2017 WL 5079181, at \*7 (W.D. La. Nov. 1, 2017) ("The statutory language requires only that the receiving device have the 'capacity' to print the fax, not that the device 'automatically' print the fax.") (citing § 227(a)(3) and

relying on the 2003 Commission Order and the Westfax Bureau Ruling).

McKesson argues that because the statute restricts using a "telephone facsimile machine, computer, or other device" to send an unsolicited advertisement to a "telephone facsimile machine," a computer must not be a telephone facsimile machine. (Third Br. at 19). *Lyngaas* rejected this *expressio unius* rationale, holding that "(1) a computer is not excluded from the statutory definition of a 'telephone facsimile machine,' *id*. § 227(a)(3), and (2) Congress presumably understood that a computer, as a stand-alone device, can be distinct from a telephone facsimile machine and yet part of one as an integrated piece of 'equipment.'" *Id.* at 426–27. The TCPA defines "telephone facsimile machine" broadly as "any equipment" with the relevant capacity. 47 U.S.C. § 227(a)(3).

Moreover, the Supreme Court has long held that the *expressio unius* canon does not apply if there are "contrary indications that adopting a particular rule or statute was probably not meant to signal any exclusion," *Marx v. General Revenue Corp.*, 568 U.S. 371, 380 (2013) (citations omitted), and it applies only when "circumstances support a sensible inference that the term left out must have been meant to be excluded." *N.L.R.B. v. SW General, Inc.*, 137 S. Ct. 929, 940 (2017). The "contrary indications" here are that the TCPA has expressly defined "telephone facsimile machine" to include "any equipment," and thus there can be

no "sensible inference" that Congress at the same time meant to exclude "any equipment."

McKesson argues that the Amerifactors Bureau Ruling is entitled to *Chevron* deference. (Third Br. at 28–29 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). But the issue of *Chevron* deference does not even come into play here because the 2003 Commission Order is binding under the Hobbs Act. *Wilson*, 87 F.3d at 400 (asking a federal court to agree or disagree with the FCC's interpretation of a statute in a "final order" invokes the Hobbs Act's jurisdictional bar).

Even if the 2003 Commission Order had never been decided, *Chevron* deference would be the wrong standard. McKesson agrees that the Amerifactors Bureau Ruling is an "interpretive rule," not a "legislative rule." (Third Br. at 15). Legislative rules generally receive *Chevron* deference, but interpretive rules "enjoy no *Chevron* status as a class." *United States v. Mead Corp.*, 533 U.S. 218, 232 (2001). Instead, interpretive rules receive deference only to the extent they have the "power to persuade" under *Skidmore v. Swift Co.*, 323 U.S. 134, 140 (1944). *Gonzales v. Oregon*, 546 U.S. 243, 256 (2006).

Notwithstanding McKesson's assertion that it is "consistent" with the 2003 Commission Order and the Westfax Bureau Ruling, the Amerifactors Bureau Ruling reaches a completely different result than those orders, representing an

"inconsistent" and "stark departure" from "long-used practice," meaning it is not entitled to *Skidmore* deference. *Carlton & Harris, Inc. v. PDR Network, LLC*, 982 F.3d 258, 265 (4th Cir. 2020) ("*PDR Network III*"). The "commercial facsimile services" in the 2003 Commission Order, the "efax service" in the WestFax Bureau Ruling, and the "online fax services" in the Amerifactors Bureau Ruling are indistinguishable. The Amerifactors Bureau Ruling does not have "the 'power to persuade,'" *Gonzales*, 546 U.S. at 256 (quoting *Skidmore*, 323 U.S. at 140), and this Court should follow *Lyngaas*, the 2003 Commission Order, and the Westfax Bureau Ruling.

In sum, the Court should hold there is no distinction between users of online fax services and users of stand-alone fax machines and reverse the district court's class-certification rulings based on that erroneous distinction.

## II. The district court's entry of summary judgment against the Online Fax Services Class was erroneous.

McKesson concedes that the sole basis for the district court's entry of summary judgment against the Online Fax Services Class was its conclusion that it was bound to do so under the Amerifactors Bureau Ruling. (Third Br. at 35). For the reasons in Section I, above, that conclusion was erroneous, and this Court should reverse.

**III.** **The district court abused its discretion in failing to find McKesson's violations were "willful or knowing" and impose treble damages.**

McKesson does not dispute that "reckless conduct can satisfy willfulness" for purposes of 47 U.S.C. § 227(b)(3) under *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). (Third Br. at 41). McKesson argues, however, that the only way for Plaintiffs to meet this standard was to show that the "MTI employees who sent faxes to True Health and McLaughlin knew *those faxes* were unwanted," which McKesson says is impossible because those same employees testified "that they had never seen and were not aware of the 2008 citation." (Third Br. at 44–45).

But McKesson's employees are not the Defendants in this case, McKesson Corp. and MTI are. These corporate defendants admit they received the 2008 FCC Citation warning against future unsolicited fax advertising (2-SER-351; 2-SER-362), and yet neither of these sophisticated entities appear to have done *anything* to educate their marketing staff about the laws regarding fax advertising. (Second Br. at 54–55). At the same time, these employees were permitted to execute contracts with the fax broadcaster stating that McKesson was "responsible for assuring that all broadcast activity is compliant with the TCPA (Telephone Consumer Protection Act) and JFPA (Junk Fax Prevention Act) standards," and acknowledging "that the Services are regulated by the TELEPHONE CONSUMER PROTECTION ACT ('TCPA') and customer represents that Customer is familiar with and in compliance with the TCPA." (1-ER-6–7, ¶¶ 16–18). Under these circumstances, no

reasonable finder of fact could conclude other than that McKesson's conduct was at least reckless with respect to sending unsolicited fax advertisements in violation of the TCPA.

## Conclusion

For the foregoing reasons, the Court should (1) reverse the district court's class-certification rulings and entry of summary judgment against the Online Fax Services Class based on the Amerifactors Bureau Ruling; (2) affirm the district court's entry of summary judgment against McKesson on its defense of "prior express invitation or permission"; and (3) reverse the district court's failure to award treble damages for McKesson's "willful or knowing" TCPA violations.

/s/ Glenn L. Hara
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Road, Ste 500
Rolling Meadows, IL  60008
Telephone:(847) 368-1500

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for the United States Court of Appeals for the Ninth Circuit by using the

CM/ECF system on May 8, 2023.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system.

Dated:  May 8, 2023                    s/ Glenn L. Hara
                                          Glenn L. Hara

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-15710, 22-15732

I am the attorney or self-represented party.

**This brief contains** | 3,723 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

○ complies with the word limit of Cir. R. 32-1.

● is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.

☐ a party or parties are filing a single brief in response to multiple briefs.

☐ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [        ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Glenn L. Hara | **Date** | May 8, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 8**                                                                                          *Rev. 12/01/22*