**Nos. 22-15710, 22-15732**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUE HEALTH CHIROPRACTIC, INC.,

*Plaintiff/Appellee*,

MCLAUGHLIN CHIROPRACTIC ASSOCIATES, INC.,
individually and as representatives of a class of similarly situated persons,

*Plaintiff/Appellee/Cross-Appellant*,

v.

MCKESSON CORPORATION, MCKESSON TECHNOLOGIES, INC.,

*Defendants/Appellants/Cross-Appellees*.

Appeal from the United States District Court for the District of Northern California,
No. 4:13-cv-02219-HSG, Hon.

**MCKESSON CORPORATION AND MCKESSON TECHNOLOGIES, INC.'S MOTION FOR SUPPLEMENTAL BRIEFING**

TIFFANY CHEUNG
ZACH ZHENHE TAN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

JOSEPH R. PALMORE
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel: (202) 887-6940
JPalmore@mofo.com

*Counsel for Defendants/Appellants/Cross-Appellees*
*McKesson Corporation and McKesson Technologies, Inc.*

July 22, 2025

Defendants-Appellees McKesson Corporation and McKesson Technologies, Inc. ("McKesson") respectfully move for an order setting a schedule for supplemental briefing in this appeal on remand from the Supreme Court. After the Supreme Court's decision, the only remaining issue in this long-pending case is whether, "under ordinary principles of statutory interpretation," the Federal Communications Commission ("FCC") was right to determine that an "online fax service" is not a "telephone facsimile machine" for purposes of the Telephone Consumer Protection Act ("TCPA"). *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 145 S. Ct. 2006, 2012, 2022-23 (2025). That is a pure question of law that this Court can decide without unnecessary further proceedings before the district court.

Counsel for Plaintiffs-Appellants state that they oppose this motion.

More than a decade ago in 2014, Plaintiffs-Appellants McLaughlin Chiropractic Associates, Inc. and True Health Chiropractic, Inc. sued McKesson in federal district court, alleging that McKesson violated the TCPA by faxing unsolicited advertisements without the statute's required opt-out notice. 3-ER-439-61; 3-ER-414-38. Plaintiffs-Appellants sought to represent a class of all other persons or entities that had received McKesson's faxes between September 2009 and May 2010. 3-ER-410; 3-ER-412. It is now undisputed that some recipients received

faxes on a traditional fax machine but others received faxes through online fax services, either by email or through an online portal. 1-ER-15.

The district court initially denied certification on the grounds that Plaintiffs failed to establish predominance because "detailed factual inquiries regarding whether each fax recipient granted prior express permission" were necessary. 3-ER-399-408. This Court partially reversed, holding that the district court should have considered subclasses based on the different methods by which McKesson obtained consent to send faxes. *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 926, 932-33 (9th Cir. 2018).

On remand, the district court granted Plaintiffs-Appellants' renewed motion for class certification as to one subclass. 1-ER-44-71. But in 2019, the FCC issued a declaratory order stating that an online fax service "is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition.'" *In re Amerifactors Fin. Grp., LLC Pet. for Expedited Declaratory Ruling*, 34 FCC Rcd. 11950, 11950-51 (2019). Based on that ruling, McKesson moved to decertify the subclass, arguing that individual fact-intensive inquiries would be needed to separate class members who received faxes on a stand-alone telephone facsimile machine from those who received them via online fax services. 2-ER-197-222; 2-ER-127-51.

The district court concluded that it was bound by the FCC's interpretation of the TCPA in *Amerifactors*, such that those who received a fax on an online fax

2

service had no cause of action. 1-ER-37-39. But the district court initially found decertification premature, instead splitting the class into a "Stand-Alone Fax Machine Class" and an "Online Fax Services Class." 1-ER-39-41. The district court entered summary judgment against the Online Fax Services Class, but permitted Plaintiffs-Appellants to attempt a subpoena process "for identifying those who received faxes via an online fax service" and those who did not. 1-ER-20-21; 1-ER-41.

After Plaintiffs-Appellants served hundreds of subpoenas on class members' telephone carriers, the resulting evidence confirmed that they could not determine whether customers received faxes on stand-alone fax machines or through online fax services. 2-ER-111-14. The district court thus decertified the class, concluding that the lack of a class-wide means of distinguishing between those two groups of recipients (and thus determining who held a valid TCPA claim) precluded class certification. 1-ER-14-19.

In the interest of efficiency, McKesson stipulated that it sent the two Plaintiffs-Appellants faxes, that Plaintiffs-Appellants received the faxes on stand-alone fax machines, and that the faxes were "advertisements." 2-ER-80. Based on that stipulation, the district court found McKesson individually liable to Plaintiffs-Appellants but concluded that Plaintiffs-Appellants were not entitled to treble

3

damages because they had not proved McKesson "willfully or knowingly" violated the TCPA. 1-ER-9-13.

On appeal, this Court affirmed in an unpublished opinion. *True Health Chiropractic, Inc. v. McKesson Corp.*, 2023 WL 7015279 (9th Cir. Oct. 25, 2023). This Court found that the district court did not abuse its discretion in decertifying the class and that it correctly granted summary judgement to McKesson on the Online Fax Services class. *Id.* at *2. By virtue of the Hobbs Act's vesting of "exclusive jurisdiction" with the courts of appeal to "determine the validity" of FCC orders, this Court held that the district court "correctly found that it was bound" by the FCC's *Amerifactors* ruling. *Id.* (quoting 47 U.S.C. § 402(a)).[1] This Court also disposed of the two other arguments raised on appeal—namely whether the district court erred in granting summary judgment to Plaintiffs-Appellants on McKesson's consent defenses and whether it abused its discretion in denying treble damages to Plaintiffs-Appellants. *Id.* at *1, *3.

Plaintiff-Appellant McLaughlin then petitioned for certiorari in the Supreme Court on a single question: "Whether the Hobbs Act required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer

---

[1] Plaintiffs-Appellants did not appeal the district court's determination that they lacked an adequate means for identifying which putative class members received faxes on stand-alone fax machines and which received them through online fax services. *True Health Chiropractic*, 2023 WL 7015279, at *2.

4

Protection Act." Petition for Writ of Certiorari at i, *McLaughlin Chiropractic Assocs.*, 145 S. Ct. 2006 (No. 23-1226). The Supreme Court granted review and reversed on that question. While holding that lower courts adjudicating civil enforcement proceedings are "not bound by the FCC's interpretation of the TCPA," the Supreme Court expressly left "for remand" the separate question of whether, "under ordinary principles of statutory interpretation," "the FCC's interpretation of the TCPA is correct." *McLaughlin Chiropractic Assocs.*, 145 S. Ct. at 2022-23.

That question of statutory interpretation is now ripe for this Court to review—without unnecessary further proceedings before the district court. "Statutory interpretation presents a question of law" which this Court "review[s] de novo." *Chemehuevi Indian Tribe v. Newsom*, 919 F.3d 1148, 1150-51 (9th Cir. 2019). Under such a de novo standard regarding "a question of law," any district court "interpretation of the law" receives no "deference." *United States v. Gray*, 876 F.2d 1411, 1418 (9th Cir. 1989).

The question of whether the FCC was right to exclude "online fax services" from the TCPA's statutory definition of a "telephone facsimile machine" is a purely legal one that this Court can resolve without any additional input or assistance from the district court. *See, e.g.*, *Pirani v. Slack Techs., Inc.*, 127 F.4th 1183 (9th Cir. 2025) (deciding legal questions on remand from Supreme Court without remanding to district court), *petition for cert. filed*, No. 25-44 (U.S. July 10, 2025). There is no

5

reason to prolong resolution of that question—especially given the already protracted decade-long history of this case.

McKesson respectfully proposes the following serial briefing schedule:

- Plaintiffs-Appellants file an opening brief of no more than 7,000 words, due 45 days after this Court's ruling on this motion.

- Defendants-Appellees file an answering brief of no more 7,000 words, due 45 days after Plaintiffs-Appellants' opening brief is filed.

- Plaintiffs-Appellants file a reply brief of no more than 3,500 words, due 30 days after Defendants-Appellees' answering brief is filed.

If the Court desires, the case could then be set for oral argument in the ordinary course.

Dated: July 22, 2025

TIFFANY CHEUNG
ZACH ZHENHE TAN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

Respectfully submitted,

/s/ Joseph R. Palmore
JOSEPH R. PALMORE
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
Tel: (202) 887-6940
JPalmore@mofo.com

*Counsel for Defendants/Appellants/Cross-Appellees*
*McKesson Corporation and McKesson Technologies, Inc.*

## CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations and typeface and type style requirements of the Federal Rules of Appellate Procedure and Ninth Circuit Rules because it has been prepared using a proportionally spaced typeface, including serifs, in 14-point Times New Roman font using Microsoft Word and does not exceed 20 pages, excluding the parts of the filing excepted by the Rules.

Dated: July 22, 2025 /s/ Joseph R. Palmore
Joseph R. Palmore

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system on July 22, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished with the CM/ECF system.

Dated: July 22, 2025 /s/ Joseph R. Palmore
Joseph R. Palmore